Andrew E. Berman (State Bar No. 144658)
MASSIE BERMAN
3588 Fourth Avenue, Suite 200
San Diego, CA 92103

Telephone:     (619) 260-9010
Facsimile:      (619) 260-9016

Attorneys for Defendants
HAR Construction, Inc. and Insurance Company of the West

FILED
2008 FEB 12 PM 2:53
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America for the Use and Benefit of RON CHAVEZ, D.B.A. SAN DIEGO CONSTRUCTION WELDING,<br><br>            Plaintiff,<br><br>v.<br><br>INSURANCE COMPANY OF THE WEST, a California corporation; HAR CONSTRUCTION, INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO.     08 CV 0097 WQH LSP<br><br>**ANSWER OF DEFENDANTS HAR CONSTRUCTION, INC. AND INSURANCE COMPANY OF THE WEST**<br><br>Judge:     Hon. William Q. Hayes<br>Ctrm:      4<br><br>Magistrate Judge:     Hon. Leo S. Papas<br>Ctrm: |

Defendants HAR CONSTRUCTION, INC. and INSURANCE COMPANY OF THE WEST (hereinafter collectively referred to as "Defendants") hereby answer the Complaint of Plaintiff RON CHAVEZ, D.B.A. SAN DIEGO CONSTRUCTION WELDING ("SDCW") as follows:

### RESPONDING TO ALLEGATIONS IN THE COMPLAINT

*Admissions/Denials*

1.    In response to Paragraph 1 of the General Allegations in SDCW's Complaint, Defendants admit the allegations therein.

2.    In response to Paragraph 2 of the General Allegations in SDCW's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations and on that basis deny the allegations contained therein.

1

3.  In response to Paragraph 3 of the General Allegations in SDCW's Complaint, Defendants admit the allegations therein with respect to ICW being a corporation duly organized to transact business as a surety and issue bonds and undertakings within the State of California. As to the remaining allegations concerning DOES 1 through 5, Defendants are without sufficient information to form a belief as to the truth of the allegations and on that basis deny the allegations contained therein.

4.  In response to Paragraph 4 of the General Allegations in SDCW's Complaint, Defendants admit the allegations therein with respect to HAR being a corporation duly organized to transact in the State of California. As to the remaining allegations concerning DOES 6 through 10, Defendants are without sufficient information to form a belief as to the truth of the allegations and on that basis deny the allegations contained therein.

5.  In response to Paragraph 5 of the First Cause of Action in SDCW's Complaint, Defendants refer to and incorporate by reference their responses as though set forth in full herein.

6.  In response to Paragraph 6 of the First Cause of Action in SDCW's Complaint, Defendants admit that HAR entered into a contract for the project named P-613 Close Combat Battle Course at MCP Camp Pendleton, CA, Contract No: N68711-02-D-8053 Task Force Order #0006. As to the remaining allegations, Defendants are without sufficient information to form a belief as to the truth of the allegations and on that basis deny the allegations contained therein.

7.  In response to Paragraph 7 of the First Cause of Action in SDCW's Complaint, Defendants admit a Payment Bond was provided and that Ex. 1 to the Complaint is a copy of said Payment Bond. As to the remaining allegations, Defendants are without sufficient information to form a belief as to the truth of the allegations and on that basis deny the allegations contained therein.

8.  In response to Paragraph 8 of the First Cause of Action in SDCW's Compliant, Defendants admit HAR entered into a written subcontract with SDCW on July 11, 2006, and that SDCW's scope of work is governed by the contract documents. As to the remaining allegations, Defendants are without sufficient information to form a belief as to the truth of the allegations and on that basis deny the allegations contained therein.

///

9. In response to Paragraph 9 of the First Cause of Action in SDCW's Complaint, Defendants admit HAR had a general contract to perform a public work and that HAR had a subcontract with SDCW. As to the remaining allegations, Defendants are without sufficient information to form a belief as to the truth of the allegations and on that basis deny the allegations contained therein.

10. In response to Paragraph 10 of the First Cause of Action in SDCW's Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations and on that basis deny the allegations contained therein.

11. In response to Paragraph 11 of the First Cause of Action in SDCW's Complaint, Defendants deny each and every allegation contained in the said paragraph.

12. In response to Paragraph 12 of the First Cause of Action in SDCW's Complaint, Defendants admit that SDCW requested payment. As to the remaining allegations, Defendants are without sufficient information to form a belief as to the truth of the allegations and on that basis deny the allegations contained therein.

13. In response to Paragraph 13 of the First Cause of Action in SDCW's Complaint, Defendants deny each and every allegation contained in the said paragraph.

14. In response to Paragraph 14 of the First Cause of Action in SDCW's Complaint, Defendants deny that SDCW is owed $112,758.45, but rather that SDCW owes HAR money due to SDCW's breaches of the subcontract agreement and on that basis, Defendants deny each and every allegation contained in the said paragraph.

15. In response to Paragraph 15 of the First Cause of Action in SDCW's Complaint, Defendants admit that more that ninety (90) days have elapsed and less than one year has elapsed. As to the remaining allegations, Defendants are without sufficient information to form a belief as to the truth of the allegations and on that basis deny the allegations contained therein.

16. In response to Paragraph 16 of the First Cause of Action in SDCW's Complaint, Defendants deny each and every allegation contained in the said paragraph.

17. In response to Paragraph 17 of the Second Cause of Action in SDCW's Complaint, Defendants refer to and incorporate by reference their responses as though set forth in full herein.

18. In response to Paragraph 18 of the Second Cause of Action in SDCW's Complaint, Defendants deny each and every allegation contained in the said paragraph.

19. In response to Paragraph 19 of the Second Cause of Action in SDCW's Complaint, Defendants deny each and every allegation contained in the said paragraph.

20. In response to Paragraph 20 of the Third Cause of Action in SDCW's Complaint, Defendants refer to and incorporate by reference their responses as though set forth in full herein.

21. In response to Paragraph 19 of the Third Cause of Action in SDCW's Complaint, Defendants admit that SDCW provided services and materials for the Project. Except as so admitted, Defendants deny each and every allegation contained in the said paragraph.

22. In response to Paragraph 20 of the Third Cause of Action in SDCW's Complaint, Defendants deny each and every allegation contained in the said paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

*(Contributory Negligence/ Comparative Fault)*

23. As a first affirmative defense, Defendants assert that if SDCW suffered or sustained any loss, injury, damage or detriment, that same was caused and contributed by SDCW and/or others, thus reducing and/or barring SDCW's recovery under doctrines of contributory negligence and comparative fault.

### Second Affirmative Defense

*(Estoppel)*

24. As a second affirmative defense, Defendants assert that SDCW has delayed bringing its claim to the prejudice of these Defendants and therefore, SDCW's claims are barred by the doctrine of estoppel.

### Third Affirmative Defense

*(Fraud)*

25. As a third affirmative defense, Defendants assert that SDCW's damages, if any, were the result of SDCW's fraudulent and/or false conduct, not any action or omission by Defendants.

///

### Fourth Affirmative Defense

*(Laches)*

26. As a fourth affirmative defense, Defendants assert that the causes of action contained in the Complaint, and each of them are barred by the doctrine of laches, in that SDCW has unreasonably delayed in bringing these claims, and said delays have prejudiced Defendants.

### Fifth Affirmative Defense

*(Release)*

27. As a fifth affirmative defense, Defendants assert that SDCW has entered into releases which bar and/or diminish SDCW's claimed damages.

### Sixth Affirmative Defense

*(Statute of Frauds)*

28. As a sixth affirmative defense, Defendants assert that SDCW's claims are barred by the Statute of Frauds.

### Seventh Affirmative Defense

*(Failure to Mitigate Damages)*

29. As a seventh affirmative defense, Defendants assert that SDCW has failed to mitigate its damages, if any, in connection with the matters referred to in the Complaint, and that such failure to mitigate bars and/or diminishes SDCW's recovery, if any, against Defendants.

### Eighth Affirmative Defense

*(Breach of Contract)*

30. As an eighth affirmative defense, Defendants assert that SDCW has failed to comply with the terms of the subcontract agreement and that such failure bars and/or diminishes SDCW's recovery, if any, against Defendants.

### Ninth Affirmative Defense

*(Waiver)*

31. As a ninth affirmative defense, Defendants assert that SDCW has waived any and all claims that it may have or have had against Defendants.

///

### Tenth Affirmative Defense

### (Injury)

32. As a tenth affirmative defense, Defendants assert that the injuries and damages of which SDCW complains were proximately caused by or contributed to by the acts of other defendants, counterdefendants, persons and/or entities, and that these acts were an independent, intervening and superseding cause of the injuries and damages, if any of which SDCW complains, thus barring SDCW from any recovery against these answering Defendants.

### Eleventh Affirmative Defense

### (Failure to Mediate)

33. As an eleventh affirmative defense, Defendants assert SDCW failed to mediate this dispute prior to filing the instant lawsuit such that such failure bars and/or diminishes SDCW's recovery, if any, against Defendants.

### Twelfth Affirmative Defense

### (Additional Defense)

34. As a twelfth affirmative defense, Defendants assert that they intend to rely upon such other and further affirmative defenses as may exist or may be discovered during the pendency of this action.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff SDCW take nothing by reason of its Complaint, that judgment be rendered in favor of Defendants;

2. That Defendants be awarded their reasonable attorneys' fees and costs of suit incurred in defense of this action; and

3. For other such relief as the Court deems proper.

Date: February 11, 2008

MASSIE BERMAN

By: _____
Andrew E. Berman
Attorneys for Defendants HAR Construction, Inc. and Insurance Company of the West

MASSIE ■ BERMAN
3588 FOURTH AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92103

60115.1